1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DUSTIN CRUZ LUJAN,

11            Plaintiff,                No. S-11-1874 WBS CKD P

12        vs.

13   C. VILLAREAL,

14            Defendant.                ORDER

15   _____/

16   I.  Introduction

17            On October 25, 2010, plaintiff, an inmate incarcerated at Mule Creek State Prison

18   and proceeding pro se, filed a complaint in Amador County Superior Court claiming that

19   defendant, a correctional officer, violated his rights to due process by confiscating a pair of

20   shoes.  (Dkt. No. 1, Ex. B at 10-13[1] ("Cmplt."))  Defendant removed the action to federal court

21   on July 15, 2011.  (Dkt. No. 1.)  Pending before the court is plaintiff's "motion to dismiss

22   removal action" filed on July 29, 2011. (Dkt. No. 9.)  Defendant filed an opposition to the motion

23   to dismiss on August 4, 2011.  (Dkt. No. 12.)

24   ////

25   _____

26        [1] Citations refer to page numbers assigned by the court's docketing system.

1

II.  Removal

        The federal court is one of limited jurisdiction.  See Gould v. Mutual Life Ins. Co. of New York, 790 F.2d 769, 774 (9th Cir.1986).  As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction.  Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998).  "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  Id.  District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992) (per curiam); Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988).

        Removal jurisdiction is governed by 28 U.S.C. § 1441 et seq.  A state court action can only be removed if it could have originally been brought in federal court.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law.  Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 10-11 (1983).  Whether federal jurisdiction exists is governed by the well-pleaded complaint rule.  Caterpillar, 482 U.S. at 392.  Under this rule, the federal question must be "presented on the face of plaintiff's properly pleaded complaint."  Id.; accord Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002).

        Defendant seeks removal of this action on the grounds that plaintiff's complaint arises under 42 U.S.C. § 1983.  In his complaint, titled "Civil Rights Violation under the 14th Amendment of the United States Constitution, and the Equal Protection Clause," plaintiff alleges that on November11, 2009, he was due to receive new shoes in exchange for his previously-issued pair of shoes.  Defendant "erroneously determined" that the shoes plaintiff brought to

1    trade in "were in such worn condition that they could not be the same shoes issued in the

2    previous quarter," confiscated the trade-in shoes, and refused to issue plaintiff the new shoes.

3    (Cmplt. at 11.)  Plaintiff alleges that, after his appeal was denied, he was informed by a non-

4    defendant correctional officer that he could either "send [both pairs of] shoes home at his

5    expense or donate the shoes to the prison."  (Id. at 12.)  Because he could not pay for postage, he

6    was forced to donate the shoes.  (Id.)  Plaintiff claims that the forced donation violated his right

7    to due process, and appears to claim that, because other inmates had successfully appealed on

8    similar grounds, the outcome of his appeal violated his right to equal protection.  (Id. at 12, 15-

9    16.)

10            In his motion to dismiss, plaintiff denies that he intended to allege federal claims.

11   He argues that, as he is seeking only $500.00 in damages, the amount in controversy does not

12   meet the criteria for federal jurisdiction.  (Dkt. No. 9-1 at 2.)  To be sure, for an action to be

13   removable on diversity grounds, the amount in controversy must exceed a certain amount set by

14   statute.  28 U.S.C. § 1332(a) (diversity jurisdiction exists only "where the matter in controversy

15   exceeds the sum or value of $75,000, exclusive of interests and costs[.]"); Lewis v. Verizon

16   Communications, Inc., 627 F. 3d 395, 397 (9th Cir. 2010) ("In this circuit, when the complaint

17   does not contain any specific amount of damages sought, the party seeking removal under

18   diversity bears the burden of showing, by a preponderance of the evidence, that the amount in

19   controversy exceeds the statutory amount.")  However, where as here defendants seek to remove

20   an action on federal question grounds, removability is determined from the face of the complaint

21   as described above, and there is no amount-in-controversy requirement.

22            Plaintiff's complaint rests on allegations that he has been denied due process and

23   equal protection under the Fourteenth Amendment.  His motion to dismiss concedes that "the

24   complaint does allege due process and equal protection violations[.]" (Dkt. No. 9-1 at 2.)

25   Because plaintiff's federal claims appear on the face and throughout his complaint, the court

26   finds that his cause of action arises under federal law, and thus, is removable.  See 28 U.S.C. §§

1   1331, 1441(b).

2   III.  Screening

3           The court is required to screen complaints brought by prisoners seeking relief

4   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8   U.S.C. § 1915A(b)(1),(2).

9           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16          A complaint must contain more than a "formulaic recitation of the elements of a

17  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must

19  contain something more...than...a statement of facts that merely creates a suspicion [of] a legally

20  cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure

21  1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted

22  as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129

23  S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has

24  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

25  reasonable inference that the defendant is liable for the misconduct alleged."  Id.

26  \\\\\

1    In reviewing a complaint under this standard, the court must accept as true the

2 allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

3 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

4 doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

5    Here, plaintiff alleges that defendant violated his right to due process by refusing

6 to accept plaintiff's trade-in shoes for a new pair of shoes, instead confiscating both pairs.

7    Prisoners have a protected interest in their personal property.  <u>Hansen v. May</u>, 502

8 F.2d 728, 730 (9th Cir. 1974). The Due Process Clause protects prisoners from being deprived of

9 their property without due process of law.  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).  An

10 authorized, intentional deprivation of property is actionable under the Due Process Clause.

11 <u>Hudson v. Palmer</u>, 468 U.S. 517, 532 n. 13 (1984); <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S.

12 422 (1982); <u>Quick v. Jones</u>, 754 F.2d 1521, 1524 (9th Cir.1985).  In contrast, "[a]n unauthorized

13 intentional deprivation of property by a state employee does not constitute a violation of the

14 procedural requirements of the Due Process Clause of the Fourteenth Amendment if a

15 meaningful postdeprivation remedy for the loss is available."  <u>Hudson</u>, 486 U.S. at 533.

16    An authorized deprivation is one carried out pursuant to established state

17 procedures, regulations, or statutes.  <u>Logan</u>, 455 U.S. at 436; <u>Piatt v. McDougall</u>, 773 F.2d 1032,

18 1036 (9th Cir. 1985); <u>see</u> <u>also</u> <u>Knudson v. City of Ellensburg</u>, 832 F.2d 1142, 1149 (9th Cir.

19 1987).  Authorized deprivations of property are permissible if carried out pursuant to a regulation

20 that is reasonably related to a legitimate penological interest.  <u>Turner v. Safley</u>, 482 U.S. 78,

21 96-97 (1987).

22    Drawing all inferences in the plaintiff's favor, the court determines that for

23 purposes of screening, plaintiff states a due process claim against defendant.  If the allegations of

24 the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this

25 action.  Because plaintiff's equal protection claim concerns the outcome of his appeal and not

26 defendant's actions, he fails to state an equal protection claim against defendant.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's July 29, 2011 motion to dismiss removal action (Dkt. No. 9) is denied;

2. Service is appropriate for defendant Villareal;

3. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and a copy of the complaint removed on July 15, 2011;

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 2 above; and

    d. Two copies of the endorsed complaint removed July 15, 2011.

5. Plaintiff need not attempt service on defendant and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

Dated: December 28, 2011

_CAROLYN K. DELANEY_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
luja1874.mtd

6

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DUSTIN CRUZ LUJAN,

11           Plaintiff,                    No. S-11-1874 WBS CKD P

12       vs.

13   C. VILLAREAL,                         NOTICE OF SUBMISSION

14           Defendant.                    OF DOCUMENTS

15   _____/

16           Plaintiff hereby submits the following documents in compliance with the court's

17   order filed _____:

18           _____       completed summons form

19           _____       completed USM-285 forms

20           _____       copies of the July 15, 2011
                                      Complaint
21   DATED:

22

23                                        _____
                                          Plaintiff
24

25

26

                                          7