IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DUSTIN CRUZ LUJAN,

       Plaintiff,                     No. S-11-1874 WBS CKD P

   vs.

C. VILLAREAL,

       Defendant.                   <u>AMENDED</u> <u>ORDER</u>

_____/

I. <u>Introduction</u>

       On October 25, 2010, plaintiff, an inmate incarcerated at Mule Creek State Prison and proceeding pro se, filed a complaint in Amador County Superior Court claiming that defendant, a correctional officer, violated his rights to due process by confiscating a pair of shoes. (Dkt. No. 1, Ex. B at 10-13[1] ("Cmplt.")) Defendant removed the action to federal court on July 15, 2011. (Dkt. No. 1.) Pending before the court is plaintiff's "motion to dismiss removal action" filed on July 29, 2011. (Dkt. No. 9.) Defendant filed an opposition to the motion to dismiss on August 4, 2011. (Dkt. No. 12.)

////

---

[1] Citations refer to page numbers assigned by the court's docketing system.

1

## II. Removal

The federal court is one of limited jurisdiction. See Gould v. Mutual Life Ins. Co. of New York, 790 F.2d 769, 774 (9th Cir.1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Id. District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992) (per curiam); Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir.1988).

Removal jurisdiction is governed by 28 U.S.C. § 1441 et seq. A state court action can only be removed if it could have originally been brought in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 10-11 (1983). Whether federal jurisdiction exists is governed by the well-pleaded complaint rule. Caterpillar, 482 U.S. at 392. Under this rule, the federal question must be "presented on the face of plaintiff's properly pleaded complaint." Id.; accord Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir.2002).

Defendant seeks removal of this action on the grounds that plaintiff's complaint arises under 42 U.S.C. § 1983. In his complaint, titled "Civil Rights Violation under the 14th Amendment of the United States Constitution, and the Equal Protection Clause," plaintiff alleges that on November 11, 2009, he was due to receive new shoes in exchange for his previously-issued pair of shoes. Defendant "erroneously determined" that the shoes plaintiff brought to

trade in "were in such worn condition that they could not be the same shoes issued in the previous quarter," confiscated the trade-in shoes, and refused to issue plaintiff the new shoes. (Cmplt. at 11.) Plaintiff alleges that, after his appeal was denied, he was informed by a non-defendant correctional officer that he could either "send [both pairs of] shoes home at his expense or donate the shoes to the prison." (Id. at 12.) Because he could not pay for postage, he was forced to donate the shoes. (Id.) Plaintiff claims that the forced donation violated his right to due process, and appears to claim that, because other inmates had successfully appealed on similar grounds, the outcome of his appeal violated his right to equal protection. (Id. at 12, 15-16.)

In his motion to dismiss, plaintiff denies that he intended to allege federal claims. He argues that, as he is seeking only $500.00 in damages, the amount in controversy does not meet the criteria for federal jurisdiction. (Dkt. No. 9-1 at 2.) To be sure, for an action to be removable on diversity grounds, the amount in controversy must exceed a certain amount set by statute. 28 U.S.C. § 1332(a) (diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs[.]"); Lewis v. Verizon Communications, Inc., 627 F. 3d 395, 397 (9th Cir. 2010) ("In this circuit, when the complaint does not contain any specific amount of damages sought, the party seeking removal under diversity bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount.") However, where as here defendants seek to remove an action on federal question grounds, removability is determined from the face of the complaint as described above, and there is no amount-in-controversy requirement.

Plaintiff's complaint rests on allegations that he has been denied due process and equal protection under the Fourteenth Amendment. His motion to dismiss concedes that "the complaint does allege due process and equal protection violations[.]" (Dkt. No. 9-1 at 2.) Because plaintiff's federal claims appears on the face and throughout his complaint, the court finds that his cause of action arises under federal law, and thus, is removable. See 28 U.S.C. §§

1331, 1441(b).

III. Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Here, plaintiff alleges that defendant violated his right to due process by refusing to accept plaintiff's trade-in shoes for a new pair of shoes, instead confiscating both pairs.

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). The Due Process Clause protects prisoners from being deprived of their property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 532 n. 13 (1984); Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.1985). In contrast, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson, 486 U.S. at 533.

An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Logan, 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 96-97 (1987).

Drawing all inferences in the plaintiff's favor, the court determines that for purposes of screening, plaintiff states a due process claim against defendant. If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. Because plaintiff's equal protection claim concerns the outcome of his appeal and not defendant's actions, he fails to state an equal protection claim against defendant.

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's July 29, 2011 motion to dismiss removal action (Dkt. No. 9) is denied.

2. Defendant shall reply to the complaint within the time provided in Fed. R. Civ. P. 12(a).

3. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and E.D. Cal. R. 110, shall be briefed pursuant to L.R. 230(l).  Failure to timely oppose such a motion may be deemed a waiver of opposition to the motion.  See L.R. 230(l).  Opposition to all other motions need be filed only as directed by the court.

4. If plaintiff is released from prison while this case is pending, any party may request application of other provisions of L.R. 230 in lieu of L.R. 230(l).  Until such a motion is granted, the provisions of L.R. 230(l) will govern all motions described in #7 above regardless of plaintiff's custodial status.  See L.R. 102(d).

5. Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), the court hereby informs plaintiff of the following requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b).  Such a motion is a request that the court dismiss without prejudice any unexhausted claims.  The moving party may submit affidavits or declarations under penalty of perjury and admissible documents to support the motion to dismiss.  To oppose the motion, plaintiff may likewise file declarations under penalty of perjury and admissible documents.  Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies the parts of the complaint on which plaintiff relies.  Plaintiff may also rely on one or more affidavits or declarations sworn to by other persons who have personal knowledge of relevant matters.  In addition, plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are.  If

plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on defendant's evidence.  In the event both sides submit matters outside of the pleadings, the court may look beyond the pleadings and decide disputed issues of fact.  If plaintiff does not file a written opposition to the motion, the court may consider the failure to act as a waiver of opposition to the motion.  See L.R. 230(l).  If the court grants the motion to dismiss, whether opposed or unopposed, plaintiff's unexhausted claims will be dismissed without prejudice.

      6. Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby informs plaintiff of the following requirements for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Such a motion is a request for an order for judgment in favor of the defendant without trial.  A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment.  To oppose a motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion.  See Fed. R. Civ. P. 56(d).  If

plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion. See L.R. 230(l). If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.

7. Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.

8. Each party proceeding without counsel shall keep the court informed of a current address at all times while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." A notice of change of address must be properly served on other parties. Service of documents at the address of record for a party is fully effective. See L.R. 182(f). A party's failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

9. The Clerk of the Court shall serve on plaintiff a copy of the Local Rules of Court.

10. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default. See Fed. R. Civ. P. 41(b).

Dated: December 28, 2011

*Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
luja1874.mtd